(No. 76-CC-0140—)

EDWARD LEE PASSOW, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1981.*

CONKLIN AND ADLER (FRANKLIN NACHMAN, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (JOHN FANONE, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

This is a cause of action brought pursuant to section 8, paragraph (d) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(d)), for personal injuries sustained by Claimant as a result of a motorcycle accident along a State-maintained road which occurred on August 11, 1974.

The Claimant, Edward Lee Passow, testified that on August 11, 1974, at about 7:00 p.m., he was driving his motorcycle south on 1st Avenue in the Village of Lyons, Illinois. He stated that as he was approaching 47th Street he was in the outer lane when an automobile in the left cut over in front of him causing him to veer to the right, and in so doing, he attempted to leave 1st Avenue and enter its exit to 47th Street. In so doing he said he crossed over the white line adjacent to the curb on said exit where he hit a sewer with a defective cover which caused him to be upended. He further explained that he and the motorcycle proceeded to be propelled onto the grass adjacent to said exit, that he and the motorcycle became separated, and that he slid along the ground until he hit the fence adjoining the exit road. He also stated that he did not see the open or defective catch basin or manhole until five to ten feet before he struck it and that there were no signs or barricades or warnings in front of it.

Trent Engleston, brother-in-law of the Claimant, was called as a witness on behalf of Claimant. He testified that he was riding in an automobile following Claimant and that a car veering from the left lane to the

right lane caused Claimant to strike an open manhole. He said he examined the catch basin and found it to be open.

The Respondent presented the testimony of two officers of the Lyons Police Department, Kenneth Couch and Stanley Augustyniak, who testified that they responded to the accident call and observed the scene. Officer Couch testified Claimant was lying five to ten feet from the curb and about ten or fifteen feet from the motorcycle. He stated he observed the motorcycle skid marks which showed that the motorcycle had skidded 170 feet from the point where it left the road. He further testified that the only manhole in this area was a little further south of the bike. His testimony was that the bike had not yet proceeded far enough to reach the manhole. He traced the skid marks to where the bike left the road and stated that there was no manhole or sewer of any kind at that location. The nearest manhole was 20 feet further south from where Claimant finally landed and about 190 feet south of where he left the road. He also noted that the manhole in the area had no irregularities.

Officer Augustyniak testified that upon following the skid marks back from where the claimant landed, he saw black tire marks on the curb. He further testified that there was no manhole where the bike left the road and the only manhole he noticed was south of the Claimant's resting place. His testimony also was that Claimant had not yet reached the manhole.

The Respondent also called Valerian Cijunelis, an employee of the Department of Transportation, as a witness. In August of 1974 he received a notice of Claimant's accident. He investigated the scene and the manholes in the area and found them to be structurally sound. He observed the manhole on the 47th Street exit and saw nothing wrong with it.

From the testimony it is clear that this claim turns on issues of fact and that the testimony is in direct conflict. Based upon careful examination of the entire record in this cause we are of the opinion that Claimant did not hit an open manhole. The evidence indicates that he sustained his injuries from hitting a curb. Furthermore there was convincing evidence that the manhole Claimant alleges he hit was structurally sound. We hold that Claimant has failed to prove by the preponderance of the evidence that the Respondent was negligent.

It is hereby ordered that this claim be, and hereby is, denied.